UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAMUEL SALLOUM,

    Plaintiff,                                  Civil No. 19-13505

v.                                           Honorable Matthew F. Leitman

CHARLES KABLE IV, *et al.*,

    Defendants.

## JOINT CASE MANAGEMENT PLAN

Official capacity Defendants (hereinafter "Defendants") and Plaintiffs (collectively "the Parties"), by and through their undersigned counsel, hereby submit this Joint Case Management Plan, in accordance with the Court's Order, ECF No. 28. The parties met and conferred regarding this Plan on February 26, 2021, and have again conferred over the past several days.

    1.    **Related Cases:** There are no pending or adjudicated cases involving the same operative facts.

    2.    **Jurisdiction:** Plaintiff invokes the Court's subject matter jurisdiction under 28 U.S.C. § 1331, as an action "arising under the Constitution, laws, or treaties of the United States." Defendants reserve the right to raise any applicable jurisdictional defense. Defendants bring no counter-claims, and there are no pendent state law claims. Plaintiffs note that Individual capacity Defendants remain

unserved, pending discovery of their identities, and the Court maintains jurisdiction over them pursuant to *Bivens v Six Unknown Named Agents of Fed Bureau of Narcotics*, 403 US 388; 91 S Ct 1999; 29 L Ed 2d 619 (1971).  Defendants respond that no individual capacity defendants have been named in this case, only John and Jane Does. Any unnamed federal defendants therefore are not parties to this case, have not been served, and remain unrepresented herein – though counsel for Defendants note that the time for adding a party has long since passed.  *See Cox v. Treadyway*, 75 F.3d 230, 240 (6th Cir. 1996); *see also Smith v. City of Akron*, 476 F. App'x 67, 69 (6th Cir. 2012).  Defendants reserve their right to object to any and all discovery sought with respect to the individual capacity claims.

3. **Factual Summary**: Plaintiff, a U.S. citizen living in Lebanon, alleges that Defendants placed him in the Terrorist Screening Database (TSDB), and that as a result of that placement, Defendants have repeatedly selected him for enhanced screening and secondary inspection, allegedly resulting in delays each time he travels to and within the United States, and other associated harms.  Plaintiff's remaining claims after the motion to dismiss include: First, a challenge under the Fifth Amendment's substantive and procedural due process doctrines challenging his alleged TSDB placement and the adequacy of the Defendants' placement procedures; and second, claims under the Fourth Amendment challenging alleged searches of his person and electronic devices.  Facts likely to be at issue include: (1)

whether Plaintiff is included in the TSDB, (2) what procedures apply to any such placement, (3) whether Defendants had justification for purportedly placing Plaintiff in the TSDB, (4) the Government's interest in allegedly maintaining Plaintiff in the TSDB, (5) the Government's interest in their placement procedures, and (6) Plaintiff's alleged harms, including whether Defendants have selected Plaintiff for secondary screening or inspection, and whether there have been searches or seizures of his electronic devices or person.

4. **Legal Issues:** Plaintiff must establish that he has standing for each claim and form of relief sought. For Plaintiff's procedural due process claim, Plaintiff must establish that Defendants deprived Plaintiff of a liberty interest in travel and that they did so without affording Plaintiff adequate procedural rights in accordance with the *Mathews* balancing test. *See Mathews v. Eldridge*, 424 U.S. 319 (1976). The framework for evaluating this claim requires the Court to balance: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirements would entail." *Mathews*, 424 U.S. at 335 (1976). For Plaintiff's substantive due process claim, Plaintiff must establish that his purported placement in the TSDB

substantially interfered with his fundamental right to travel and that his purported placement cannot withstand appropriate scrutiny. *See e.g., Washington v. Glucksberg*, 721 U.S. 702 (1997). For Plaintiff's Fourth Amendment claims, Plaintiff must establish that his person and electronic devices were searched or seized within the meaning of the Fourth Amendment, that such searches or seizures were "non-routine" border searches, and if so, that they lacked individualized suspicion or were otherwise unreasonable. *See United States v. Montoya de Hernandez*, 473 U.S. 531, 538 (1985). Plaintiffs assert that for their *Bivens* claims, Plaintiff must show that the alleged constitutional violations perpetrated by individual capacity defendants were of rights that were clearly established so that a reasonable person would have known they were being violated. *See Bivens v Six Unknown Named Agents of Fed Bureau of Narcotics*, 403 US 388; 91 S Ct 1999; 29 L Ed 2d 619 (1971). As described above, *see supra* ¶ 2, Defendants object to the inclusion of these *Bivens* claims within the scope of this case.

5. **Amendment of Pleadings:** The Parties do not anticipate amending their pleadings, except that Defendants may move to amend their Answer to include any additional applicable affirmative defenses that become apparent in the future.

6. **Discovery:** Because this case challenges final agency actions—including Defendants' alleged placement of Plaintiff on the TSDB, the application of Defendants' procedures to that alleged placement, and Defendants' alleged

searches and seizures of Plaintiff's person and electronic devices—the Parties agree that this is a case for which compilation of an administrative record is proper.[1] The Parties agree that Defendants will compile an administrative record comprised of: (1) any factual materials Defendants considered in determining—*arguendo*—that Plaintiff should be placed in the TSDB (if applicable); (2) factual materials considered in connection with any searches and seizures of Plaintiffs' electronic devices or his person by Defendants; and (3) materials considered with respect to TSDB placement procedures. The Parties recognize that such record may contain information, such as classified information, that may only be submitted to the Court *ex parte* and *in camera*. Although neither party seeks discovery at this time, Plaintiffs reserve their right to seek supplementation of the record and/or discovery, after review of the available portions of the administrative record. Defendants also reserve their right to pursue any discovery at a later date. The Parties propose the following schedule for production of the administrative record:

- The Parties agree that Defendants shall file the Administrative Record no later than 60 days from the entry of a scheduling order and shall lodge any *ex parte* and *in camera* portion of the record with the Court by that date.

---

[1] Under Fed. R. Civ. P. 26(a)(1)(B)(i), actions for review on an administrative record are exempt from the initial disclosure requirement. If discovery is ordered at later date, the parties shall arrange to exchange initial disclosures under Fed. R. Civ. P. 26(a)(1) no later than 30 days after the issuance of such discovery order.

- Plaintiff shall have an initial period of 90 days for review of available portions of the administrative record. Plaintiff may extend this period by 30 days should such extension be necessary. Thereafter, Plaintiff shall meet and confer with Defendants in an attempt to resolve any disputes.
- If the Parties are unable to reach agreement, Plaintiff shall file any response to the record, including any motion to supplement the record or seek discovery, no later than 60 days after their review of the record materials concludes.

The Parties agree that a protective order under Fed. R. Evid. 502(d) will be unnecessary at this time, but they reserve the ability to seek such an order at a later date.

7. **Electronic Discovery:** Because the Parties agree that an administrative record is proper, they agree to forego discussion of electronic discovery at this juncture. The Parties agree to include electronic discovery issues in any future meet and confer, should discovery be sought.

8. **Settlement:** The parties have discussed the possibility of settlement, and will continue to discuss settlement as the case proceeds. At this point they are unable to assess the prospect of settlement. The parties do not request Case Evaluation or other methods of alternate dispute resolution. Any facts discovered are unlikely to change the prospects for settlement.

9. **Consent:** The Parties do not consent to the jurisdiction of a United States Magistrate Judge.

10. **Trial:** Any trial in this case will be a bench trial, as the United States has not consented to a jury trial. Any trial should be limited to no more than 5 days. The Parties propose that any trial be set no earlier than 60 days after all dispositive motions are denied.

11. **Miscellaneous:** None.

Dated: March 31, 2021                     Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

ANTHONY J. COPPOLINO
Deputy Director, Federal Programs Branch

*/s/ Christopher R. Healy*
CHRISTOPHER HEALY
SOPHIE KAISER
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW, Washington, DC 20005
Telephone: (202) 307-2092
Facsimile: (202) 616-8470
Christopher.Healy@usdoj.gov

*Attorneys for Official Capacity Defendants*

        */s/ Nabih H. Ayad*
        Nabih H. Ayad (P59518)
        Attorney for Plaintiff
        645 Griswold St., Ste 2202
        Detroit, MI 48226
        P: 313.983.4600
        F: 313.983.4665
        nayad@ayadlaw.com

        *Attorneys for Plaintiff.*