# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

SAMUEL SALLOUM,

    Plaintiff,

v.

CHARLES KABLE IV, *et al.*,

    Defendants.

Civil No. 19-cv-13505
Hon. Matthew F. Leitman

## PRIVACY ACT PROTECTIVE ORDER

Documents and information produced in the administrative record in this action may be subject to the Privacy Act of 1974, 5 U.S.C. § 552a (the "Privacy Act"). For the purposes of facilitating the disclosure of information potentially subject to the Privacy Act, and having found that good cause exists for entry of this protective order to protect the production, discovery and dissemination of confidential information and/or sensitive data or records, IT IS HEREBY ORDERED:

1.    Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and 5 U.S.C. § 552a(b)(11), the Court authorizes the Defendants to produce information that may be covered by the Privacy Act in order to avoid the need to raise and resolve Privacy Act objections to the disclosure of information produced in the administrative record. However, nothing in this Order shall require production of any information, including any information that is prohibited from disclosure (even with the entry of this Order) by other applicable privileges, statutes, regulations, or authorities. This

Protective Order governs the disclosure of Protected Information to persons outside the Federal Government.  This Protective Order does not limit the disclosure or dissemination of Protected Information to, or within, the Federal Government.

      2.      As used in this Order, the term "Protected Information" constitutes any and all documents or records, and information contained therein, that may be subject to the Privacy Act. The term "Protected Information" is limited to documents, records, or information produced by the Defendants as part of the administrative record and any reproductions of the same; it does not include materials or information obtained through means other than production by the government.

      3.      Information that either party deems Protected Information shall be designated as such by stamping the phrase "SUBJECT TO PRIVACY ACT PROTECTIVE ORDER" on any document or record containing Protected Information prior to the production or further dissemination of such document or record.

      4.      Except as otherwise permitted by law and/or waivers made by Plaintiff as to his own information, Protected Information shall be used only by those persons listed in ¶ 5 of this Order, and only for the purpose of this litigation, including any appeals and any related administrative proceedings, and shall not be disclosed, in any manner whatsoever, to anyone for any other purpose. In the event Plaintiff executes a Privacy Act waiver, information pertaining to him shall no longer be Protected Information.

5. Absent an applicable waiver by Plaintiff as to his own information, Protected Information, and any copies thereof, and the information contained therein, may be disclosed only to:

    a. The parties' attorneys and persons regularly in the employ of the parties' attorneys assisting in this litigation, including, but not limited to, supervisory attorneys, secretarial, clerical and paralegal or student personnel;

    b. Plaintiff Samuel Salloum;

    c. The Court and its personnel, including court reporters;

6. Any person listed in paragraph 5 (except the Court and its personnel, including court reporters) who is to receive or review Protected Information must sign the Acknowledgment of Privacy Act Protective Order attached hereto before he or she is given access to Protected Information. Counsel for the party that makes the disclosure shall maintain copies of the acknowledgement forms.

7. All persons, including the parties and their respective counsel, to whom Protected Information is disclosed, are hereby prohibited from disclosing information designated as Protected Information to any unauthorized person.

8. In the event of disclosure of Protected Information to any person not authorized to such access pursuant to the terms of this Protective Order, the party responsible for having made such disclosure, and each party with knowledge thereof, shall immediately inform the party whose Protected Information has been disclosed of

all known relevant information concerning the nature and circumstances of the disclosure. The party responsible for improperly disclosing such Protected information shall also promptly take all reasonable measures to attempt to retrieve the improperly disclosed Protected Information and to ensure that no further or greater unauthorized disclosure and/or use thereof is made.

9. Any Protected Information shall be filed, if at all, redacting the Protected Information or under seal. The party responsible for filing Protected Information under seal shall, within seven days, also file a redacted version that is publicly available. This Order does not prevent public disclosure of documents otherwise subject to this order, as to which Protected Information has been redacted.

10. This Order does not constitute any ruling on the question of whether any particular document or category of information is subject to the Privacy Act or is otherwise properly discoverable, and does not constitute any ruling on any potential objection to the discoverability, relevance, or admissibility of any document or information. This Order authorizes, but does not require, the production of any Protected Information or any other document, record, or information.

11. Nothing in this Order shall be construed as a waiver of any defense, right, objection, or claim by any party, including any objection to the production of documents and any claim of privilege or other protection from disclosure.

12. Nothing in this Order shall affect the right of any party to seek additional protection against the disclosure of any documents or materials, or of the parties to seek additional disclosures.

13. Nothing in this Protective Order shall prevent disclosure as required by law or compelled by order of any court, or restrict a party's use of materials produced by that party. Nothing in this Order shall be construed to confer rights on any third party.

14. The parties retain all rights to challenge whether designated materials constitute Protected Information.

15. A party's failure to designate any materials as Protected Information shall not constitute a waiver of any party's timely assertion that the materials are covered by this Protective Order. Upon learning of an inadvertent disclosure of Protected Materials that were not properly designated as such, counsel shall immediately inform the opposing party's counsel of such disclosure.

16. All individuals to whom Protected Information is disclosed by Plaintiff or by Plaintiff's counsel consistent with this Order shall destroy or return any and all Protected Information and copies thereof in their possession to Plaintiff's counsel of record within thirty (30) days after final termination of this litigation (including any appeals), or when they are no longer a party to or assigned or retained to work on this litigation, whichever comes earlier.

17. Protected Information and all copies thereof (other than Protected Information and copies presented in open court consistent with the provisions of this Order) must be destroyed or returned to the United States Department of Justice, Civil Division, within sixty (60) days after the termination of this litigation, including any appeals.

18. This Order may be modified by the Court at any time for good cause shown upon motion by a party or following notice by the Court to all parties and an opportunity to be heard.

/s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: June 21, 2021

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 21, 2021, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAMUEL SALLOUM,

    Plaintiff,                                 Civil No. 19-13505

v.                                           Honorable Matthew F. Leitman

CHARLES KABLE IV, *et al.*,

    Defendants.

## **ACKNOWLEDGEMENT OF PRIVACY ACT PROTECTIVE ORDER**

    I, _____, hereby acknowledge that I have read and understand the Privacy Act Protective Order ("Order") entered in the above-captioned action. I hereby agree to be bound by the terms of the Order. Specifically,

    1.    I agree that I will use records and information protected by the Order only for purposes of this litigation, including any appeals, and not for any other purpose of any kind;

    2.    I agree that records and information, and all copies thereof protected by the Order (including but not limited to electronic copies), shall be returned to Plaintiff's counsel within 30 days after the termination of this litigation, and I agree not to further use the records and information for any other purpose;

7

3. I agree that I will not disclose records and information protected by the Order except as authorized by that Order;

4. I hereby confirm that my duties under this Acknowledgment shall survive the termination of this case and are binding upon me for all time; and

5. I hereby consent to the personal jurisdiction of the United States District Court for the Eastern District of Michigan in the above-captioned case for the purpose of enforcing the aforementioned Order.

_____
[signature]

_____
[print name]

Dated: _____