UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAMUEL SALLOUM,

    Plaintiff,

v.

CHARLES KABLE IV, *et al.*,

    Defendants.

Civil No. 19-13505

Honorable Matthew F. Leitman

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR LEAVE TO FILE *EX PARTE* AND *IN CAMERA* MATERIALS IN SUPPORT OF THEIR OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL**

Plaintiff has filed his opposition ("Pl.'s Opp." or "Plaintiff's Opposition") to Defendants' Motion for Leave to File *Ex Parte* and *In Camera* Materials in Support of Their Opposition to Plaintiff's Motion to Compel, ECF No. 52 ("Defs.' Mot." or "Defendants' Motion"). *See* Pl.'s Opp., ECF No. 54. Defendants filed their opposition ("Defs.' Opp.") to Plaintiff's motion to compel on February 23, 2022, ECF No. 53, but refrained from lodging any *ex parte* material in support of their opposition pending the disposition of this motion. *See* Defs.' Opp. at 2 n.3.

Plaintiff's Opposition in large part repeats arguments he made in his motion to compel that regard why he should receive access to the material sought in that motion, and why he believes his suit is meritorious. *See, e.g.*, Pl.'s Opp. at 8

1

(opposing Defendants' law enforcement privilege assertions as to information withheld pertaining to the merits of his claims). But this motion regards whether Defendants may submit *ex parte* material in support of Defendants' privilege assertions, not whether their law enforcement withholdings themselves are proper, or whether Plaintiff's suit is meritorious. These arguments should be reserved for Plaintiff's reply, or for summary judgment.

Moreover, portions of Plaintiff's Opposition mistakenly suggest that Defendants have requested to submit "supposed 'evidence' *against Plaintiff*" as part of the present motion. Pl.'s Opp. at 9 (emphasis added). To clarify, Defendants' Motion here does not seek to submit any *ex parte* material on the merits of Plaintiff's claims.[1] Instead, Defendants' Motion merely seeks to submit an unredacted declaration "that will assert the law enforcement privilege over certain information contained in the administrative record" and certain other information that "also describes why certain information sought in Plaintiff's

---

[1] Defendants have already submitted certain *ex parte* material as part of the Administrative Record, in accordance with the Court's scheduling order, ECF No. 31 at 1 ("If the administrative record contains any information, such as classified information, that may only be submitted to the Court *ex parte* and *in camera*, Defendants shall submit that information to the Court"). Plaintiff jointly requested that the Court enter this order. *See* Joint Case Management Plan, ECF No. 29. In addition, Plaintiff's Motion to Compel itself alternatively requests *ex parte* and *in camera* review on the merits in the alternative. *See* Pls.' Mot. to Compel, ECF No. 46 at 16.

motion cannot be disclosed because it is protected by the law enforcement privilege." Defs.' Mot. at 1-2.

The Court should grant Defendants' Motion, because ample case law supports allowing a party to submit *ex parte* information to fully explain and defend its privilege assertions, without disclosing the privileged material *ex ante*. *See* Defs.' Mot. at 5-12 (citing authorities). Defendants have endeavored to tailor such information as narrowly as possible, including by submitting a public redacted version of the Second Sabatino Declaration. *See* ECF No. 53-3. Only information that is itself privileged has been redacted from the record. *See, e.g., id.* ¶ 7 (asserting law enforcement privilege over redacted information in the declaration). And Plaintiff does not explain why the existing record provided to him (and filed publicly) is insufficient to allow him to oppose Defendants' privilege assertion.

None of Plaintiff's proffered counterarguments are persuasive. Primarily, Plaintiff argues that the relief requested would deprive him of his due process rights. *See* Pl.s' Opp. at 9 ("if Defendants' motion to file in camera is granted, Plaintiff will be, again, robbed of [due process] right[s]"); *see id.* at 12 (arguing that granting Defendants' Motion would contravene notions of fundamental fairness). But the practice of submitting privileged information for *in camera*, *ex parte* review "for [the] purposes of determining the merits of a claim of privilege

3

. . . is well established in the federal courts," and does not violate due process. *United States v. Zolin*, 491 U.S. 554, 568-69 (1989); *Convertino v. U.S. Dep't of Just.*, 795 F.3d 587, 591 (6th Cir. 2015) (a party may properly "file[] an e*x parte* affidavit under seal" in support of a privilege assertion).  Plaintiff provides no support for the notion that submitting such material in support of a privilege assertion would deprive him of his due process rights.[2]

Plaintiff also argues that the case law Defendants cite is inapplicable because it arose in the context of other privileges, or in the criminal context.  *See* Pl.'s Opp. at 9-11.  But he provides no reason that a law enforcement privilege assertion should be treated differently from any other privilege when it comes to the permissibility of *ex parte* submissions that demonstrate the applicability of the privilege.  And regardless, courts regularly allow for such submissions in cases challenging alleged terrorist watchlisting like this one.  *See, e.g.*, Order, *Jardaneh v. Garland*, No. 8:18-cv-2415, ECF No. 160 (D. Md. Sept. 13, 2021) (granting

---

[2] There is also no basis for Plaintiffs' contention that "Defendants would present biased information to the Court *in camera*." Pl.'s Opp. at 9.  To the contrary, government declarations are typically accorded a presumption of good faith.  *See, e.g.*, *U.S. Dep't of State v. Ray*, 502 U.S. 164, 179 (1991) (emphasizing that courts "generally accord Government records and official conduct a presumption of legitimacy"); *United States v. Chem. Found., Inc.*, 272 U.S. 1, 14-15 (1926) ("The presumption of regularity supports the official acts of public officers, and, in the absence of clear evidence to the contrary, courts presume that they have properly discharged their official duties.").

leave to file *ex parte* declarations in support of law enforcement privilege assertions in opposition to a motion to compel in a terrorist watchlisting challenge).

For all of these reasons, and for the other reasons described in Defendants' Motion, the Court should grant the motion.

Dated: March 11, 2022                    Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
Civil Division

ANTHONY J. COPPOLINO
Deputy Director, Federal Programs Branch

*/s/ Christopher R. Healy*
CHRISTOPHER HEALY
SOPHIE KAISER
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW, Washington, DC 20005
Telephone: (202) 307-2092
Facsimile: (202) 616-8470
Christopher.Healy@usdoj.gov

*Attorneys for Official Capacity Defendants*