AYAD LAW, P.L.L.C.
645 Griswold St., Ste. 2202
DETROIT, MICHIGAN 48226
P: (313) 983-4600 | F: (313) 983-4665

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**SAMUEL SALLOUM,**

*Plaintiff,*

Case No.: 4:19-cv-13505
Hon.: Judge Matthew F. Leitman

*vs.*

**CHARLES H. KABLE, IV**, *et al.,*

*Defendants.*

| | |
|---|---|
| AYAD LAW, PLLC<br>Nabih H. Ayad (P59518)<br>*Attorney for Plaintiff*<br>645 Griswold St., Ste 2202<br>Detroit, MI 48226<br>P: 313.983.4600<br>F: 313.983.4665<br>filing@ayadlawpllc.com<br><br>ANTHONY J. COPPOLINO<br>*Attorney for Defendants*<br>Deputy Director, Federal Programs<br>Branch | Joseph H. Hunt<br>*Attorney for Defendants*<br>Assistant Attorney General, Civil Division<br><br>CHRISTOPHER HEALY<br>SOPHIE KAISER<br>*Trial Attorneys for Defendants*<br>United States Department of Justice<br>Civil Division, Federal Programs<br>Branch<br>1100 L Street, NW, Washington, DC 20005<br>P: 202.307.2092<br>F: 202.616.8470<br>Sophie.b.kaiser@usdoj.gov |

## PLAINTIFF'S REPLY BRIEF IN SUPPORT
## OF HIS MOTION TO COMPEL DISCOVERY

Plaintiff states the following in support of his motion to compel:

## LAW AND ARGUMENT

1. **Plaintiff's motion should be granted because the law enforcement privilege is being misconstrued by Defendants to protect their violation of the constitutional rights of large swaths of the US population, where**

**Defendants deny that criminal investigations are taking place, and where they are attempting to dodge any oversight by the judiciary in an entirely unamerican abuse of power.**

Defendants do not claim the state secrets privilege, but instead claim the federal common law "law enforcement privilege" in this almost-farcical situation in which they a) deny a criminal investigation exists, but b) interrogate Plaintiff for hours every time he travels, c) claim a privilege which was designed to keep investigations from being revealed to the targets of investigation, but d) have been harassing Plaintiff for years every time he flies. The privilege simply is not applicable here.

Defendants must demonstrate their entitlement to the privilege [Metris-Shamoon v City of Detroit, 335 FRD 387, 391 (ED Mich, 2020)] and even then, it is qualified, *i.e.*, can be rebutted [*id.*]. Before an application of the privilege to the facts of this case is undertaken, however, it seems helpful to review the intended purpose of the privilege, as it has existed long before the Terrorist Screening Database ("TSDB") and Terrorist Screening Center ("TSC"), yet its stated purpose remains the same.

"The purpose of this privilege is to prevent disclosure of law enforcement techniques and procedures, to preserve the confidentiality of sources, to protect witness and law enforcement personnel, to safeguard the privacy of individuals involved in an investigation, and otherwise to prevent interference with an investigation." *In re Dept of Investigation of City of New York*, 856 F2d 481, 484

AYAD LAW, P.L.L.C.
645 Griswold St., Ste. 2202
DETROIT, MICHIGAN 48226
P: (313) 983-4600 | F: (313) 983-4665

(CA 2, 1988); citing *Aspin v. Dep't of Defense*, 491 F.2d 24, 29-30 (D.C.Cir.1973); *Frankel v. Securities and Exchange Commission*, 460 F.2d 813, 817 (2d Cir.1972). To date, the purpose of the privilege has not changed. "The purpose of the privilege, as we have observed in the past, is to prevent disclosure of law enforcement techniques and procedures, to preserve the confidentiality of sources, to protect witness and law enforcement personnel, to safeguard the privacy of individuals involved in an investigation, and otherwise to prevent interference with an investigation." *In re The City of New York*, 607 F3d 923, 940–41 (CA 2, 2010) (internal quotations removed).

Although the purported purpose of the privilege has not changed, it is being used by the government quite differently now than it was 40 years ago. When the privilege was conceived and designed, it was to prevent the divulgence of secret investigative techniques; the identities of confidential informants; and prevent interference with ongoing criminal investigations. Compared to now, where the investigative techniques are commonly known [the Sixth Circuit has already held that it is "undisputed [that the government] (1) eavesdrops, (2) without warrants, (3) on international telephone and email communications…" Am Civil Liberties Union v Natl Sec Agency, 493 F3d 644, 653 (CA 6, 2007)]; the confidential informants nonexistent (*id*.); and no "ongoing investigation" is necessary to punish individuals by placing them on the TSDB.

Plaintiff is hard-pressed to believe that the law enforcement privilege was ever meant to be a tool to impose punishments prior to convictions, trials, or even investigations. Although the stated purpose of the privilege has not changed, its use clearly has. Defendants' position is, essentially, that the substantive due process rights of the thousands of people who are currently on the TSDB are irrelevant, because they may or may not be suspected of "terrorist related activities", i.e., of undefined crime-like activities.

> **2. Plaintiff's motion should be granted because the Defendants cannot meet the burden of showing that the limited purposes of the law enforcement privilege are applicable to the facts of this case.**

Yet aside from the law enforcement privilege's incompatible purpose, Defendants here simply do not meet its requirements. Defendants gloss over the applicability threshold in their brief. "Three requirements must be met by the Government to prevail on its claim of privilege… Second, once the privilege is determined to apply, the district court must balance the public interest in nondisclosure against the need of a particular litigant for access to the privileged information." Defs' Brf. pp. 8-9, ECF No. 53, PageID 3324-5 (quotations omitted).

Establishing whether or not the law enforcement privilege applies to the facts of the case requires analysis of five elements.

To establish that the law enforcement privilege applies, the party asserting the privilege must demonstrate that the documents sought include:

(1) information pertaining to law enforcement techniques and procedures; (2) information that would undermine the confidentiality of sources; (3) information that would endanger witness and law enforcement personnel; (4) information that would undermine the privacy of individuals involved in an investigation; or (5) information that would seriously impair the ability of a law enforcement agency to conduct future investigations.

*Jardaneh v Garland*, No. 8:18-CV-02415-PX, 2021 WL 4169600, at *9–10 (D Md, September 14, 2021).

Here, none of the 5 factors apply:

**(1) information pertaining to law enforcement techniques and procedures**

The privilege could not serve to protect any special law enforcement techniques, because they are simply known and have been for years now. The government can hack any electronic device, turn on its speakers and cameras at will, make a record of what is typed on it as it is being typed, track its location via global positioning satellites, and see who was with their target based on the GPS locations of nearby devices.[1] [2] [3]

**(2) information that would undermine the confidentiality of sources.**

Here, the sources are known because the government simply has access to all electronically stored information through their powerful hacking tools and programs. *Id.*

---

[1] https://www.theguardian.com/news/2022/feb/02/fbi-confirms-it-obtained-nsos-pegasus-spyware

[2] https://en.wikipedia.org/wiki/Pegasus_(spyware)

[3] https://www.newyorker.com/magazine/2022/04/25/how-democracies-spy-on-their-citizens

AYAD LAW, P.L.L.C.
645 Griswold St., Ste. 2202
DETROIT, MICHIGAN 48226
P: (313) 983-4600 | F: (313) 983-4665

**(3) information that would endanger witness and law enforcement personnel.**

This factor weighs in favor of Plaintiff because any potential investigation into Plaintiff has not moved for years, and likely there are no real informants other than Plaintiff's electronic devices.

**(4) information that would undermine the privacy of individuals involved in an investigation.**

Like the other factors, this factor was clearly not designed with the types of years-long, casual, ill-defined, and completely oversight-lacking, secret investigations that the TSC is conducting. Considering the government's mass spying and regular downloading of all of Plaintiff's electronic information on his electronic devices each time he travels, the privacy of potential individuals involved with the potential investigation into Plaintiff for terror "related" activities, this factor seems archaic. Even so, it weighs heavily in favor of disclosure because Plaintiff is the only suspect and he has nothing to hide.

**(5) information that would seriously impair the ability of a law enforcement agency to conduct future investigations.**

This factor weighs in favor of Plaintiff because the world already knows that the TSC and US law enforcement agencies use sophisticated software, cash payments to informants, and special treatment in immigration proceedings, to conduct their national security investigations. Here, Plaintiff is not asking for the details of which software was used on what devices or what was traded to who for

AYAD LAW, P.L.L.C.
645 Griswold St., Ste. 2202
DETROIT, MICHIGAN 48226
P: (313) 983-4600 | F: (313) 983-4665

information. Instead, Plaintiff wants to know why Defendants feel it is necessary to keep harassing him, in perpetuity, without an end in sight and against his constitutional rights.

Where there is no chance that the information sought will "reveal any law enforcement techniques or procedures… [where] there is no concern about 'tipping off' a criminal suspect, and [where] there would be no threat to the safety of any person if [the information] were released to the Plaintiffs," the law enforcement privilege must be denied. *Metris-Shamoon v City of Detroit*, 335 FRD 387, 392 (ED Mich, 2020).

**3. Plaintiff's motion should be granted because even assuming for argument's sake that the above 5 applicability factors weigh in Defendants' favor, Plaintiff more than meets the 3 elements for rebutting the law enforcement privilege.**

Once the party asserting the privilege establishes its applicability, the party seeking disclosure can still overcome the privilege by meeting the requirements of a three-pronged test, which Plaintiff more than meets.

To rebut this strong presumption, the party seeking disclosure must demonstrate that: **(1) the suit is non-frivolous and brought in good faith; (2) the information sought is not available through other discovery or from other sources; and (3) the party has a compelling need for the privileged information**.

Jardaneh v Garland, No. 8:18-CV-02415-PX, 2021 WL 4169600, at *9–10 (D Md, September 14, 2021) (internal quotations omitted, and emphasis added); see also *Vazquez-Mentado v Buitron*, No. 512CV0797LEKATB, 2014 WL 12894096, at *6 (NDNY, July 9, 2014) ["But the law enforcement privilege is qualified, not absolute… a party may overcome this presumption…"]; *United States v*

*Alimehmeti*, 284 F Supp 3d 477, 494 (SDNY, 2018) ["To overcome the law enforcement privilege, the defendant must show (1) that such evidence is necessary, or at least important, to his case; and (2) that there is not an alternative means to secure and present this evidence to the jury."]

**(1) the suit is non-frivolous and brought in good faith.**

Plaintiff easily meets this rebuttal element as his case has survived Defendants' thorough motion to dismiss his claims and, in its ruling, this Court has already ruled that "Salloum has plausibly alleged a substantial interference with his right to travel. And that right – at least with respect to domestic travel – has long been recognized as fundamental." ECF No. 23, PageID 1083.

**(2) the information sought is not available through other discovery or from other sources.**

Plaintiff easily meets the second element of rebuttal because only Defendants know what information they relied on in determining to place Plaintiff on their list.

**(3) the party has a compelling need for the privileged information**.

Plaintiff easily meets this factor as well, considering that his constitutional rights are being violated, that he is being forced to live outside the United States, his country, and the fact that his being on the list is affecting his wife's ability to gain lawful residency in the United States. This is in addition to the other financial consequences, the stigma, and the overwhelming and unbearable burden on Plaintiff in terms of travel.

AYAD LAW, P.L.L.C.
645 Griswold St., Ste. 2202
DETROIT, MICHIGAN 48226
P: (313) 983-4600 | F: (313) 983-4665

Only after the above-review are Courts to consider the whether the public interest favors disclosure or nondisclosure. *Jardaneh v Garland*, No. 8:18-CV-02415-PX, 2021 WL 4169600, at *9–10 (D Md, September 14, 2021). For reasons stated many times elsewhere in this record, the public interest favors disclosure to individuals such as Plaintiff who have thoroughly exhausted their options in attempting to end their unlawful perpetual torment at the hands of the US government.

### RELIEF REQUESTED

WHEREFORE, Plaintiff humbly prays that this Honorable Court enter an order in Plaintiff's favor containing the following relief:

a) Fully GRANTING Plaintiff's motion to compel Defendants' production of discovery;

b) Requiring Defendants to produce unredacted versions of the administrative public record already produced to Plaintiff and unredacted versions of any other materials responsive to the issues "(1) any factual materials Defendants considered in determining—*arguendo*—that Plaintiff should be placed in the TSDB (if applicable); (2) factual materials considered in connection with any searches and seizures of Plaintiffs' electronic devices or his person by Defendants" or certify that they have none;

c) Regardless of what government programs, policies, lists, or databases Defendants acknowledge, produce (unredacted) all information which has

caused Plaintiff to be nominated for, placed on, and/or kept on the TSDB, to further produce (unredacted) the source of the information, and that they further identify the reasons for believing all information provided is accurate;

d) Identify who or what organization, public or private, has conducted Plaintiff's biannual review and any document produced by them regarding Plaintiff's review;

e) Identify who or what private entities have been provided with or had access to any list, database, or other information which identified Plaintiff, or an identifier that could relate back to Plaintiff, as a known or suspected terrorist;

f) Provide this information unredacted and in a manner that identifies which documents are responsive to which of the above-requests;

g) To certify that the discovery answers and responses they have made constitute all the responsive information that they have;

h) Alternatively, if this Court is not inclined to compel production of the above requests, then ordering that Defendants provide all of the above-requested items (b through f) to the Court for *in camera* review, and that Defendants present an individual or representative who is most knowledgeable about the produced information that the Judge then examines **under oath**, with questions of its own and those provided by

Plaintiff, acting as a zealous advocate for Plaintiff, in conformity with the advice of *Al-Haramain Islamic Found, Inc v Bush*, 507 F3d 1190, 1203 (CA 9, 2007); and

i) Any and all such other relief as this Court deems equitable and just.

<div style="margin-left:40%">

Respectfully submitted,

*/s/Nabih H. Ayad*
AYAD LAW, PLLC
645 Griswold St., Ste. 2202
Detroit, MI 48226
P: 313.983.5600
F: 313.983.5660
filing@ayadlawpllc.com
</div>

Dated: April 22, 2022

## CERTIFICATE OF SERVICE

I hereby certify that on this date I filed with the Clerk of Courts via the ECF system the foregoing papers, along with any attachments, and served copies of the same via First Class US Mail and electronic mail on the following parties:

Joseph H. Hunt
*Attorney for Defendants*
Assistant Attorney General, Civil Division

ANTHONY J. COPPOLINO
*Attorney for Defendants*
Deputy Director, Federal Programs Branch

CHRISTOPHER HEALY
SOPHIE KAISER
*Trial Attorneys for Defendants*
United States Department of Justice Civil Division, Federal Programs Branch
1100 L Street, NW, Washington, DC 20005
P: 202.307.2092
F: 202.616.8470
Sophie.b.kaiser@usdoj.gov

Respectfully submitted,

*/s/Nabih H. Ayad*
AYAD LAW, PLLC
645 Griswold St., Ste. 2202
Detroit, MI 48226
P: 313.983.5600
F: 313.983.5660
Dated: April 22, 2022                filing@ayadlawpllc.com

AYAD LAW, P.L.L.C.
645 Griswold St., Ste. 2202
DETROIT, MICHIGAN 48226
P: (313) 983-4600 | F: (313) 983-4665